IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

R M PROVINO,

      Plaintiff,

v.                              CASE NO. 1:21-cv-54-MW-GRJ

SUSAN LOUISE RICKARDS,
and PROGRESSIVE INSURANCE CO.,

      Defendants.

_____/

## REPORT AND RECOMMENDAITON

Pending before the Court is Plaintiff's *pro se* Complaint filed March 31, 2021.  ECF No. 1.  Plaintiff has been granted leave to proceed as a pauper.  ECF No. 5.  For the following reasons, it is respectfully recommended that this case be dismissed *sua sponte* for lack of jurisdiction.

The Complaint, ECF No. 1, consists of several partially-completed complaint forms.  Plaintiff's factual allegations are scanty, but it appears that he is seeking damages from Susan Louise Rickards and Rickards' insurance company, Progressive, stemming from a "rear end assault" (presumably an automobile accident) that occurred in Fort Myers, Florida, where Plaintiff resides.  Plaintiff has listed the same Gainesville, Florida, address for both Rickards and Progressive.  ECF No. 1.

"A federal court must inquire *sua sponte* into the issue [of subject matter jurisdiction] whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Ind. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).  Plaintiff's Complaint must demonstrate a basis for invoking this Court's limited subject matter jurisdiction.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  Subject matter jurisdiction is the Court's limited "power to decide only certain types of cases."  *Morrison*, 228 F.3d at 1260–61; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts typically enjoy "federal question" jurisdiction over their cases because they "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Here, Plaintiff's claims concern an alleged motor vehicle accident and a claim under an insurance contract.  Plaintiff's claims do not stem from the U.S. Constitution or federal law.  This leaves only "diversity jurisdiction." *Kirkland v. Midland Mort. Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001).  For a court to have diversity jurisdiction, there must be complete diversity of citizenship between the parties and an amount in controversy more than $75,000.  28 U.S.C. § 1332(a); *see also Flintlock Cons. Servs., LLC v.*

2

*Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). A natural person is a citizen of the state where she is domiciled, and domicile requires residence and an intention to remain there indefinitely. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

Plaintiff's Complaint reflects a lack of diversity jurisdiction under § 1332(a). Although the amount in controversy appears to exceed $75,000, *Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046, 1048 (11th Cir. 1993), Plaintiff does not establish complete diversity of citizenship between himself and Defendants. That is, Plaintiff alleges that all parties are citizens of the same state—Florida. ECF No. 1.

The Court afforded Plaintiff an opportunity to file an Amended Complaint that alleges a basis for the exercise of the Court's diversity jurisdiction, and established a deadline of May 1, 2021, for Plaintiff to do so. ECF No. 3. When Plaintiff failed to comply, the Court ordered him to show cause on or before May 20, 2021, as to why this case should not be dismissed. ECF No. 5. As of this date, Plaintiff has failed to respond.

Accordingly, it is respectfully **RECOMMENDED** that this case be

**DISMISSED** for lack of jurisdiction.

**IN CHAMBERS**  this 25th day of May 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.